R. Darrin Class, OSB # 970101
Roy Law Group
1000 SW Broadway, Suite 900
Portland, OR 97205
PH: 503-206-4313
FAX:  855-344-1726
darrin@roylawgroup.com

Attorneys for Plaintiff, Kristin Heredia

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KRISTIN HEREDIA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR LONG-TERM DISABILITY INSURANCE BENEFITS<br><br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)) |

COMES NOW Plaintiff, Kristin Heredia, with a complaint to recover unpaid long-term disability insurance benefits, and alleges against Defendant, Aetna Life Insurance Company:

### I.　　CAUSE OF ACTION

1.1

This action is brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks to recover from

Defendant all unpaid long-term disability ("LTD") benefits pursuant to the terms of a long-term disability policy ("LTD Plan") provided by her employer, Progressive Casualty Insurance Company ("Progressive"), pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff further seeks reinstatement of her LTD benefits pursuant to the terms of the LTD Plan, from the date of judgment, and absent an improvement in her medical condition, until Plaintiff reaches the age of 67 pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks these remedies, prejudgment and post-judgment interest, plus her costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## II.    IDENTIFICATION OF PLAINTIFF

2.1

Plaintiff is a resident of Linn County, Oregon.

2.2

Progressive employed Plaintiff and offered the LTD Plan to its employees pursuant to ERISA, 29 U.S.C. § 1002(1).

2.3

Plaintiff was a participant under the LTD Plan.

## III.    IDENTIFICATION OF DEFENDANT

3.1

At all times material herein, Progressive was the sponsor of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

3.2

At all times material herein, Progressive was the plan administrator of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(A).

3.3

At all times material herein, Defendant was the claims administrator of the LTD Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

3.4

The LTD Plan was fully insured by Defendant, who is wholly responsible for any judgment Plaintiff may obtain through this action for LTD benefits.

### IV.     JURISDICTION AND VENUE

4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs, under ERISA.

4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391 and LR 3-2(a)(1).

### V.     STANDARD OF REVIEW

5.1

Defendant's denial of Plaintiff's LTD benefits is reviewed by this court *de novo*.

### VI.     FACTS SUPPORTING CLAIM

6.1

Plaintiff became unable to perform one or more of the essential duties of her occupation on or about October 26, 2018.

6.2

Plaintiff received short-term disability benefits through January 23, 2019, the term of that policy, and then was approved for long term disability benefits beginning January 24, 2019, and continuing through January 23, 2021.

6.3

Plaintiff's claim for LTD benefits is based on the debilitating symptoms of severe restrictions in range of motion, positional tolerance limitations, pain, and

fatigue, she suffers from fibromyalgia, cervicalgia, cervical spondylosis, cervical radiculopathy, non-specific autoimmune connective tissue disorder, occipital neuralgia, migraine/headache disorder, and other conditions.

6.4

In a letter dated January 12, 2021, Defendant denied LTD benefits to Plaintiff beyond January 23, 2021, contending she was capable of performing two occupations identified in the letter.

6.5

On August 5, 2021, Plaintiff timely appealed Defendant's denial of her claim for LTD benefits.

6.6

In a letter dated January 10, 2022, Defendant denied Plaintiff's appeal, thereby upholding its denial of her claim.

6.7

Plaintiff has complied with all contractual requirements of the LTD Plan, including but not limited to the submission of sufficient medical proof of her ongoing medical conditions.

6.8

Defendant wrongfully denied Plaintiff's claim for benefits.

6.9

The wrongful denial of Plaintiff's claim for LTD benefits was, and still is, a violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

6.10

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged in the amount of each unpaid monthly benefit payment from January 24, 2021, through the date of judgment.

6.11

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff is entitled to recover pre-judgment interest, which is accruing on each unpaid monthly benefit payment from January 24, 2021, through the date of judgment.

6.12

Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff may and does seek clarification of her rights to future benefits, alleging that she meets the LTD Plan's definition of Disabled and as such, she is, and absent any material improvement in her permanent medical condition, she will be, so entitled to benefits through the maximum term of the LTD Plan.

6.13

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A.   For gross unpaid monthly LTD benefit payments from January 24, 2021, through the date of judgment, pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B.   For a declaration that Defendant breached its fiduciary duty to Plaintiff by wrongfully denying Plaintiff's LTD claim, and estopping Defendant from continuing to deny Plaintiff's LTD claim;

C.   For a declaration clarifying Plaintiff's rights under the LTD Plan, holding that absent a material improvement in her medical condition such that Plaintiff is no longer deemed Disabled under the LTD Plan, Plaintiff is entitled to receive her full monthly benefit under the LTD Plan for its remaining term;

    D.    For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

    E.    For prejudgment and post-judgment interest; and

    F.    For such further relief as the court deems just and equitable.

DATED this 20th day of July, 2022.

ROY LAW GROUP

By: *s/ R. Darrin Class*
R. Darrin Class, OSB # 970101

Roy Law Group
1000 SW Broadway Suite 900
Portland OR 97205

Phone:  503-206-4313
FAX:    855-344-1726

Darrin@RoyLawGroup.com

Attorneys for Plaintiff, Kristin Heredia